◼ In the Matter of the Claim of EDWARD A. GARDNER, Respondent, v STRUCTURE TONE OF NY, INC. et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [708 NYS2d 729] —Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed September 30, 1998, which ruled that claimant had an occupational disease and made an award of workers' compensation benefits.

Claiming that he had asbestosis as a result of his exposure to asbestos-contaminated debris during his employment as an elevator operator at a construction site, claimant sought workers' compensation benefits. A Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant was partially disabled as a result of asbestosis, an occupational disease, and made an award of benefits based upon claimant's exposure to asbestos at the employer's construction site. Upon its appeal from the WCLJ's decision, the employer identified the issue as "whether or not claimant has in fact been exposed to asbestos while on the job site". The Workers' Compensation Board initially restored the case to the trial calendar for additional

testimony and the production of an asbestos report. Finding that claimant was exposed to asbestos during his employment and has asbestosis, the Board thereafter affirmed the WCLJ's decision, prompting this appeal by the employer.

The employer's only argument on this appeal is that asbestosis is not a disease which results from the nature of claimant's employment as an elevator operator and, therefore, he does not have an occupational disease within the meaning of Workers' Compensation Law § 2 (15). Inasmuch as the employer failed to raise this issue on its administrative appeal to the Board, it cannot be considered by this Court on appeal from the Board's decision (*see, Matter of Middleton v Coxsackie Correctional Facility*, 38 NY2d 130, 132-133; *Matter of Musso v Earth Movers*, 240 AD2d 846, 849). Having failed to raise on this appeal the issue of whether there is substantial evidence to support the Board's finding that claimant was exposed to asbestos during his employment, the employer has abandoned the issue raised before the Board (*see, Matter of Spoerl v Armstrong Pumps*, 251 AD2d 915, 916, *lv denied* 92 NY2d 820). The Board's decision must, therefore, be affirmed.

Crew III, J. P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.